UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| JAMES W. GROOMS, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:12-cv-473 |
| | ) | *Greer/Inman* |
| HAWKINS COUNTY, TENNESSEE, J. | ) | |
| HUTSON, RONNIE LAWSON, PAUL | ) | |
| MORRISON, AUTEM ARMSTRONG, | ) | |
| SCOTT WILLIAMS, TONY ALLEN, | ) | |
| CORPORAL SMITH, and NURSE | ) | |
| DEANNA COLLINS | ) | |

## **MEMORANDUM & ORDER**

James W. Grooms, Jr., a prisoner in the Hawkins County jail, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. However, missing from the application was a certified copy of his prison trust account statement reflecting the activity in the account for the six months preceding the filing of the complaint. Because the statement must be furnished by all prisoners, *see* 28 U.S.C. § 1915(a) and (b); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court entered a deficiency order, noting that, in lieu of the certified six-month statement, prisoners in local jails who have filed civil rights actions in the past have been permitted to submit statements signed by jail authorities stating that a facility in which they are housed does not maintain prisoner trust accounts, (Doc. 8).

The Court discussed the in-lieu-of statement because plaintiff indicated in his application that the statement was not applicable to him, thereby implying that Hawkins County jail has no inmate trust account system. The Court forewarned plaintiff that his case would be dismissed, unless

within thirty (30) days, he paid the filing fee or, alternatively, furnished the Court with the appropriate trust account statement or the in-lieu-of statement, (*id.*). There followed plaintiff's motion to obtain the statement.

## I. The Filing Fee & Periodic Payment Procedures

Plaintiff's motion is labeled as a motion to discover, (Doc. 12), but, in essence, seeks to compel the jail authorities to provide him with one or the other of the signed statements referred to in the deficiency order. In the motion, plaintiff explains that he has attempted to acquire the necessary information through the chain of command at the jail, but has received no response. He further alleges that he was placed in solitary confinement for the purpose, in his opinion, of coercing him into relinquishing his rights and inhibiting his ability to prosecute his § 1983 case.

In *McGore*, the Sixth Circuit instructed that inmates are not to be penalized due to the recalcitrance of prison officials and that "a case may not be dismissed when the payment of an assessment has been delayed by prison officials." *Id.* at 607-08. Despite the importance of the missing trust account statement, *id.* at 607 (calling the trust account the "key to the assessment procedure"), because plaintiff's efforts to obtain it from unnamed jail authorities have been unsuccessful, and because he is not at fault for the omission, his case will advance in the typical fashion.

Thus, plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350).

The Clerk is **DIRECTED** to send a copies of plaintiff's motion, the deficiency order, and this order to Hawkins County Sheriff Ronnie Lawson, who may not have been aware of this lawsuit, much less the events describing plaintiff's claimed efforts to obtain the statement required by federal

law. Even so, it remains that the Court needs one or other of the statements to determine whether to establish a periodic payment plan for collection of the filing fee assessed against plaintiff. Thus, plaintiff's motion for a statement likewise is **GRANTED,** (Doc. 12), and Sheriff Lawson **SHALL** provide to the Court, within twenty (20) days of the date on this order, either: 1) a certified copy of plaintiff's inmate trust account statement or 2) a statement, signed by an authorized person, evidencing that the Hawkins County jail does not maintain prisoner trust accounts. When the Court has this information, it can determine whether, as in the typical prisoner case, the assessed filing fee can be collected under an installment payment plan or whether there is no inmate trust fund from which to collect the payments.

While the Court's actions should not be taken as an expression of opinion as to the correctness of the allegations made in plaintiff's motion, Sheriff Lawson may wish to determine whether his employees are obstructing prisoners housed in the Hawkins County jail from meeting their filing fee obligations under 28 U.S.C. § 1915(a)(2).[1]

The Court proceeds to screen the complaint.

## II. Screening the Complaint.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. Moreover, *pro se* pleadings are to be generously construed and "held to less stringent standards than

---

[1] This problem seems to be a recurring one. Plaintiff has filed another case (*Grooms v. Hawkins County Sheriff's Office*, Civil Action No. 2:13-cv-09), and at the bottom of the certificate page attached to his application to proceed without prepayment of the filing fee is this notation: "Hawkins County Jail administration refuse to sign [.] What do I need to do to get them to sign and return to me so I can send to the Court Clerk[?]," (Doc. 5). Obviously, plaintiff will need his inmate trust account statement, or the alternative statement from an authorized person, to support his application in that case as well.

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). All well-pleaded allegations in the complaint will be taken as true and the factual allegations will be considered to determine whether "they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). The Court examines the complaint in light of those requirements.

**1. Plaintiff's Allegations**

In his complaint, the plaintiff makes the allegations which follow. Paul Morrison, C.O. Hutson, Scott Williams, and Tony Allen punished him because he is handicapped. Auten Armstrong, Corporal Smith, and Sheriff Ronnie Lawson should be instructing their employees not to punish based on a handicap. There has been continuing harassment, assaults, and punishments because he is handicapped, and this has been admitted by those involved in audio and video taped statements. Plaintiff's visitation, phone calls, and commissary privileges have been revoked for punishment and he has been sent to solitary confinement. Six witnesses are willing to testify to these facts.

Plaintiff seeks a jury trial and, ultimately, damages to compensate him for the prejudice which he purports to have suffered at the hands of the Hawkins County jail employees.

**2. Law and Analysis**

At the outset, plaintiff has sued defendants Auten Armstrong, Corporal Smith, and Sheriff Ronnie Lawson because they supervise the employees at the Hawkins County jail. Plaintiff clearly is seeking to impose supervisory liability on the Sheriff, Corporal Smith, and defendant Armstrong. However, this theory is unworkable in this lawsuit because § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Hays v. Jefferson County, Ky.*, 668 F. 2d 869, 874

(6th Cir. 1982). Also, plaintiff must establish the personal involvement of each defendant in the supposed constitutional deprivation. *See Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (explaining that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others"). Plaintiff has failed to make the necessary showing. Therefore, Defendants Armstrong, Smith, and Lawson are **DISMISSED** from this action, for plaintiff's failure to state a claim against them.

The remaining allegations involve claims that defendants Paul Morrison, C.O. Hutson, Scott Williams, and Tony Allen punished him because he is handicapped.

The Eighth Amendment to the United States Constitution proscribes punishments which involve the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.* The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Id.* at 842. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id*.

In this case, plaintiff does not specify when these punishments were inflicted, nor identify the particular disability from which he suffers. And plaintiff has furnished no other particulars describing the circumstances under which these purported punishments or harsher treatments occurred. Without some indication as to whether his claimed disability is obvious or one of which

5

these officers were otherwise aware, the deliberate indifference prong of an Eighth Amendment claim has not been satisfied. This is so because there is nothing alleged from which to infer a sufficiently culpable state of mind on the part of defendants.

Moreover, claims which lack the necessary factual underpinnings, as do these, are characterized as conclusory. Claims supported by mere speculation and conclusions fail to state a claim for relief under 1983. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is insufficient to state a claim for relief. *Iqbal*, 552 U.S. at 678; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### III. Conclusion

Because plaintiff has failed to state a claim against defendants, this lawsuit will be **DISMISSED** by separate order, but only after the Court has received the necessary information from Sheriff Lawson to resolve the filing fee issue.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE